**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6013**

JEREMIAH W. OVERMAN,

          Plaintiff - Appellant,

     v.

DR. WANG, Physician for GROC Crr. Center; DR. MARK AMONETTE,

          Defendants - Appellees,

     and

MRS. MASENBERG, Grievance Coordinator for GROC Crr. Center; MELVIN
DAVIS, Warden GROC Crr. Center; GROC ADMINISTRATION, ET AL,

          Defendants.

Appeal from the United States District Court for the Western District of Virginia, at
Roanoke.  Robert Stewart Ballou, Magistrate Judge.  (7:17-cv-00165-RSB)

Submitted:  December 6, 2019                    Decided:  February 27, 2020

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeremiah W. Overman, Appellant Pro Se.  Susan A. Waddell, GUYNN WADDELL
CARROLL & LOCKABY, P.C., Salem, Virginia; Matthew E. Kelley, FRITH,

ANDERSON & PEAKE, PC, Roanoke, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah W. Overman appeals from the magistrate judge's verdict in favor of Defendants Mark Amonette and Lawrence Wang following a bench trial.[1] Overman's complaint alleged deliberate indifference to his knee injury. On appeal, he challenges the judgment on various grounds. We affirm.

The magistrate judge ruled that Amonette was not deliberately indifferent in denying Wang's request for an MRI because the information in the request did not indicate that an MRI was necessary. The magistrate judge further concluded that Wang was not deliberately indifferent because he properly, albeit conservatively, treated Overman's injury. Overman alleges the following on appeal: (1) the medical documents and court transcripts of Overman's trial examination of Wang show that Overman did not receive any medical treatment and that Wang misrepresented Overman's condition to Amonette; (2) Wang perjured himself regarding conducting certain medical tests; (3) Amonette unreasonably failed to do an investigation and unreasonably denied an MRI; and (4) the district court erred in concluding that Wang's treatment was sufficient.

We review "judgments stemming from a bench trial under a mixed standard: factual findings are reviewed for clear error, whereas conclusions of law are reviewed de novo." *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015) (internal quotation marks omitted).

> A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. In cases in which a district

---

[1] The parties either consented to the jurisdiction of the magistrate judge or waived any objection.

court's factual findings turn on assessments of witness credibility or the weighing of conflicting evidence during a bench trial, such findings are entitled to even greater deference.

*Helton v. AT&T, Inc.*, 709 F.3d 343, 350 (4th Cir. 2013) (citations and internal quotation marks omitted).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209 (4th Cir. 2017) (internal quotation marks omitted). To establish a claim of deliberate indifference, the plaintiff must establish "that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry." *Id.* at 209-10. A medical need is objectively sufficiently serious if it "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Deliberate indifference can be established by showing that the medical treatment was so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence or medical malpractice does not constitute deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Moreover, disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

4

We note first that Overman's claims on appeal are mostly irrelevant, given the stated basis for the district court's decision. The most relevant argument made by Overman is his assertion that the district court erred in finding that Wang's treatment was reasonable. However, the trial transcript supports the district court's ruling on this matter. All the medical witnesses testified that injuries such as Overman's (torn ACL and meniscus) could be treated conservatively, without surgery. In addition, such treatment as knee braces, pain medication, and rest would be appropriate for a broad range of knee injuries, including a torn ACL or meniscus. Moreover, Overman did not testify that he suffered from debilitating pain or was limited in any of his activities, aside from sports and climbing onto his bunk. In fact, he testified that, at times, he fabricated a limp and limited range of motion, when he had neither. Given Overman's manageable symptoms, we find that the district court's conclusion that conservative treatment was appropriate was supported by the record and not clearly erroneous.

While the transcript does supports Overman's claim that Wang misrepresented Overman's condition to Amonette and that, had Wang properly presented the facts, Amonette might have approved an MRI earlier, this finding is irrelevant to the basis for the district court's ruling. Even had an MRI been done earlier and even if it showed a torn ACL and meniscus at that time, the medical record is undisputed that the treatment Overman received was reasonable, given his symptoms. The same reasoning and conclusions apply to Overman's contention that Wang perjured himself by stating that he

5

conducted tests on Overman that he did not, in fact, perform or that he performed them improperly.[2]

Finally, Overman's claim that Amonette should have conducted further inquiry is not supported by the record. Instead, the contents of the MRI request that Amonette received from Wang clearly indicated that an MRI was unnecessary. While the request was misleading in several respects and while Amonette might have ordered an MRI earlier had the request been accurate, the denial of this request was not deliberate indifference, given its actual contents.

Even assuming the magistrate judge should have concluded that Wang negligently prepared the MRI request and kept incorrect records, "[a] missed diagnosis . . . does not automatically translate into deliberate indifference." *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998); *see Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). Because the record provides no evidence to support a finding that Wang subjectively comprehended and intentionally disregarded the existence of facts indicating more significant injury, the court's judgment is without error.

Accordingly, we affirm the magistrate judge's judgment. We deny Overman's motion to attack the credibility of the district court judge.[3] We dispense with oral argument

---

[2] The district court did not make a finding of fact in this regard, one way or the other.

[3] This motion is based on Overman's contentions that the transcript was improperly edited. However, our review of the record shows that the issues Overman states were explored in greater detail are contained in the current transcript and are, for the reasons (Continued)

because the facts and legal contentions are adequately presented in the materials before the

court and argument would not aid the decisional process.

*AFFIRMED*

---

discussed in this memorandum, mostly irrelevant. In addition, Overman states that the magistrate judge misrepresented a prison fight. Because the actual date of Overman's ACL/meniscus injury is irrelevant, any error by the district court was harmless.